The Air and Air Union's Honorable Appellate Court for the Second Condition District is now back in session. The Honorable Robert D. Taylor presides. Please be seated. Call the case, please. Yes, Your Honor. The third case we would like to examine is 2-103-0291, People of the State of Illinois Plaintiff Appellee McDonnell v. Downey, defendant appellate. Arguing on behalf of the appellate, Mr. Stephen L. Richards. Arguing on behalf of the appellee is Claire Wesson Connell. Thank you. Mr. Richards, you may proceed. Thank you, Your Honor. As just stated, my name is Stephen Richards. I represent the appellate in this case, Major Donnell Downey. This was a case in which Mr. Downey was convicted of misdemeanor battery on his wife, Brandia Young, insulting and provoking contact. He was acquitted of a number of other charges and penched trial. Now, subsequent to the trial, he filed a motion for new trial, alleging a number of complaints against his former attorney, the principal one of which was that his attorney had not called his daughter, a 13-year-old daughter, whose name I will not say in a recorded proceeding, but his name is in the record. And in support of that, she executed an affidavit on his behalf.  Now, on the motion for new trial, first of all, an evidentiary hearing was held. You did not call trial counsel? Yes, we did not call trial counsel. The state's attorney did not call trial counsel either. And who has the burden on a motion for new trial? We have the overall burden on the motion for new trial. That's true. The trial court commented in his ruling on denying motion for new trial that he expressed difficulty in recognizing that there had been any ineffective assistance or deficient performance when he said he directed out two counts and got a not guilty on the third count, and the defendant was found guilty of just one count. Well, the trial court is correct, isn't he? In that we look at the overall performance, not just a particular decision in determining whether or not there was deficient performance? Well, I think when somebody stands convicted of a misdemeanor on whatever count, even if there were four originally, there is a possible claim of ineffective assistance of counsel. Obviously, you can look at any counsel's performance globally. You can also look at their performance in general on other cases. One particular area, one particular mistake can lead to a finding of deficient performance depending upon the nature of it. But failure to call a particular witness, generally speaking, is a matter of trial strategy, and there's a strong presumption that counsel's decision was within the parameters of competent counsel, right? Well, that is one principle that is cited, but according to cases I have cited as well, I think it depends on the nature of the decision and the nature of the evidence. Certain times you can look at the decision without hearing from counsel and say, boy, a competent counsel would have easily decided not to do this or to do something because there's a strategy which pops out immediately from the nature of the evidence. Doesn't the record show that none of the children were present when the offense that the defendant was found guilty of? They were upstairs. They weren't present. Not according to the affidavit of the child, but according to the other reports and the DCFS reports, they were upstairs at the time, correct? There were reports that said that. What the 13-year-old said was, I was on my way upstairs, I was still on the stairs, and I could see what was happening. So that may explain that discrepancy. It's a matter of were you on your way upstairs, were you already upstairs, were you present, were you not present. Doesn't that discrepancy go to the decision-making by trial counsel as to why he or she may not have decided not to call the witness? Well, that would depend, Your Honor, I think, on what the witness would have testified to had she been allowed to testify at the evidentiary hearing in terms of what her exact testimony was. Obviously, the affidavit is a capsule or a snapshot. What she said she was going to be saying. Was there a motion in limine? Was there a motion, what am I trying to say, not a motion in limine, but offer proof made with respect to what you submit she would have said? Yes. Yeah, there is an offer of proof in the record, plus the affidavit. Both of those things are in the record. And the trial judge said, basically, she's not going to be heard from. The trial court, I understand your argument, but the trial court said in ruling that I've considered all of the exhibits. So even though she did not testify, he said he had reviewed and considered all of the exhibits that were tended. Well, I have two answers to that argument or question. First of all, he also said it was a total mystery to him as to what the evidence would have been, which if he had considered the affidavit, it shouldn't have been, because the affidavit was at least an indication of what she would have testified to. He was saying it's a mystery, would have liked to have heard from trial counsel, but it's a mystery, therefore I can't find an effective assistance. But it would not have been a mystery had he allowed her to testify. Well, the trial court could have been referring when he said it's a mystery because you didn't call defense counsel, you didn't call trial counsel to explain his decision-making. I think, no, I think if you look more specifically at what he said, it was not a mystery just as to trial counsel's decision-making. It was a mystery, he thought, as to what the evidence that trial counsel could have used was. And that shouldn't have been a mystery both because of the affidavit and because he prevented me from calling the child to testify to what she would have said. The trial court was referencing multiple decisions and he was summarizing. I have no idea what the evidence would have been if different decisions were made. Right, as to one particular decision. Isn't that a deference to the defense counsel's strategic decisions? It's a deference which he might not have exercised had he, in our view, improperly prevented our witness from testifying. I have a question. You also made an objection about some evidence, alleging an effectiveness, about that video where Armoni was speaking. And my question to you is, wasn't he found not guilty of that charge? How is that error? I don't think that is error and I wouldn't press that issue. Thank you. But I will say also just with respect to, I also, just like in the last case, I also got a sort of last minute supplemental authority, which I did not object to, was the Peeble v. Smith case. But even though I didn't object to it, I didn't get a chance to address it either in my brief, obviously, because it came to me. Can you address it now? I can. Yeah, I think it's a very simple matter. This is a case which stands, one, for the overall proposition, which was cited, which is that the trial judge does not necessarily have to have an evidentiary hearing on a motion for your trial. It's a matter of discretion. And actually, where that occurs in Smith is not with respect to the ineffectiveness claim, but with respect to the newly discovered evidence claim. But I will, that doesn't matter. I mean, either way, whether a trial judge abuses their discretion in ordering a hearing or not is a question. But here, he ordered a hearing. I mean, he had a hearing. So that's not, I think, an issue here. The second issue which was raised is that it's possible in certain circumstances, as Your Honor pointed out earlier, to find that there is a reasonable strategy for what counsel did, even if counsel doesn't testify, because it may be obvious from the record what the strategy might have been. This case, the Geraldine Smith case, was a kind of complicated, very messy capital case involving many issues and an attorney who was ultimately disbarred and hit by judges and what else. But the ineffectiveness claim just had to do with some cross-examination on matters the court felt was minor, given the fact that the witness was severely impeached anyway, and therefore it didn't matter. That's not the same situation as here. Here, there is a more substantial issue as to whether the witness should have been called, because according to her affidavit and her offer of proof, she could have testified. Who are you talking about? Sorry. The 13-year-old. Pardon? The 13-year-old whose name I, S-Y, whose name. Oh, okay. With respect to that statement, she gave a report to DCFS saying she didn't see anything, didn't she? What she gave, what she said was that she was upstairs. Yes, she didn't witness anything, so that's what Satori knew at the time of trial, so how can that be ineffectiveness? Well, because according to Denald Daniel, what he attempted to testify to, and he was also kind of severely cut off in terms of his conversations with counsel, was that he had informed counsel that she would, in fact, be able to testify that she was present and that no battery had taken place. I also note that my own experience with DCFS witnesses and their reports is that it's a really problematic matter. They often make a big deal about testifying at all, and their notes are not always accurate. So. Is this part of the record, counsel, or it's just your? It's my observation. It's my observation and my, it's my observation to the court and not part of the formal record in this case. We think for all these reasons that the proper course in this case is either to remand for a new trial or, more reasonably, to remand for a new hearing on the motion for a new trial, at which the court can make whatever decision the court wants after hearing all of the appropriate evidence. If there are no further questions, that's all I have to say. Thank you. Thank you. You'll have an opportunity to make rebuttals here. Ms. Conlon. May I please support counsel? Defending here makes two challenges in this case. However, the record clearly shows that the trial court did not abuse its discretion in concerning the evidence during the hearing on the defendant's motion for a new trial, and the trial court's decision to deny the defendant's motion for a new trial was not manifestly erroneous. As far as what happened at the hearing, a full evidentiary hearing is not required. In People v. Smith, the Supreme Court held that the trial court can dispose of a motion for a new trial without holding a full evidentiary hearing as long as that decision is not in abuse of discretion. And the trial court in this case did not abuse its discretion. As your honors pointed out, the court specifically stated when it was making its findings that it was considering the motions, the exhibits, the transcripts provided, the testimony at the hearing, and the arguments made by both parties. How do you explain the trial court, you know, he said he reviewed all the exhibits. Correct. But then he went on to say, I have no idea what the evidence would have been different if different decisions were made. I really actually think that that caught my eye. I think it was just very inartful. I think what the trial court was trying to say there was that he couldn't make a determination as far as his feeling was that based upon the evidence that was presented, that it was not going to have an effect on the verdict in this case. And it was more towards the line of the prejudice prong of Strickland in this case. Even if we found that there was deficient performance, was the defendant prejudiced? Would he still have been found guilty if the 13-year-old had testified? No, because as your honors know, the state only has to provide one witness to this. And you have the testimony of the victim in this case, the mother. And she testified to the two acts, which was that he had choked her and that he had pushed her. And that was greatly corroborated by the testimony of the niece who testified at trial, who also stated that while she did not observe the choking, she heard her say that, and that the defendant was choking her. She turned around and at that point she saw the defendant push the victim who caused her to fall to the ground. So it was greatly corroborated. So based upon that evidence, the defendant was not prejudiced by any of the evidence that was presented during the hearing on the motion for a new trial. As far as the scope of the hearing in this case, in addition to the defendant's testimony in this case, the defendant attached to his motion several exhibits and affidavits. So we have the affidavit of the defendant. We have the affidavit of the oldest daughter in this case. And we also have the DCFS exhibits, as we've referenced in the past. And we also have the grievous written statement that's contained in the supplement to the order of protection. All of this the trial court had within its purview in making a determination in this case. So the trial court obviously did not abuse its discretion when it made its determinations. As far as the exclusion of the testimony of the daughter in this case, you have to consider in its proper context. What happened was after the defendant had completed his testimony, defense counsel got up there and made an offer of proof in this case. And what he stated at that time was that the daughter would testify consistent to her affidavit. So the trial court had the affidavit. There's nothing that the defendant is submitting that there was additional evidence that she would have been able to present at that hearing. Therefore, the trial court had everything before it when it can make a proper determination in this case. Therefore, the defendant has not shown that the trial court abuses discretion regarding the scope of the evidence that was presented at the hearing on the motion for a new trial. And the defendant did not establish that the trial court's- Also, if I can clarify, what you're saying is that the affidavit for the new trial from the daughter was not new evidence. It was evidence that was presented at the time of the trial? No, it's new evidence. And what the trial court during that hearing was trying to emphasize was the fact that what the defendant's claim was, it's a claim of ineffective assistance of trial counsel for failing to present certain testimony. So the crux of the issue is, as the defendant claimed, was that he had conversations with defense counsel. So what evidence did defense counsel discuss with the defendant that they discussed that they were going to present at this hearing? So secondary to that is what the evidence actually was. And from the exhibits that were attached to the actual motion, you had that. The trial court had all of that. So the additional evidence was, as far as the testimony of the daughter was, that she would have testified, inconsistent with what she told the DCFS investigator, that she was downstairs and not upstairs, and that then she observed no physical altercation between her parents. Obviously, that's contrary to what she told the DCFS investigator. And I think what you need to do is you need to put yourself in the shoes of the defense attorney at that time when they're preparing for trial. And if they have a written statement by a witness saying that they weren't there and they couldn't see anything, why would defense counsel call that witness? There's no reason to. That explains why defense counsel did not call the daughter at trial. Was it a written statement or an oral statement that was contained within the DCFS report? From my understanding, it is an oral statement by the daughter that's contained in a written statement by the DCFS investigator. And so the daughter's statement would not be admissible as substantive evidence only for impeachment? Correct. Correct. So in her affidavit, she doesn't really set out what she saw. No, it was a generic. Correct. I did not view a physical altercation. It meant that the language that was used in the statement that she gave to the DCFS, or I should say the report by the investigator for the DCFS. Right. Would her testimony, were it allowed in, change the results of the trial, change the outcome of the trial? No, because I think she would be greatly impeached. Again, it's one of those, she would come in, she would say, I saw something, and then the state would have the opportunity to present the testimony of the DCFS investigator, who would get up there and say, no, this is what she told me. So she would be greatly impeached by it. So that I don't think would, when you're talking about that, it's more like the prejudice on Strickland. Yeah, right. Yeah, I don't think that that would have that great of an impact in this case. As far as the other claim, the videotape defense counsel spoke about that. As I pointed out in the brief, that has to do with defendant stated in his affidavit and at the hearing that that had to do with conduct between the niece and the defendant, and it had nothing to do with the one remaining count that the defendant was found guilty of. There were two counts with the niece, there were two counts with the wife, and so the only remaining count had to do with the conduct between the defendant and the wife. So defense counsel can't be found to be ineffective for failing to introduce evidence regarding counts that he was found not guilty of. Doesn't make any sense to me. And then as far as the failing to impeach, bringing it with the supplement to the order of protection in this case, those, she would have been impeached. But there were minor, minor inconsistencies in this case. One had to do with the, whether or not she was pushed first or whether or not she was choked first. The other one had to do whether or not she saw the kids go fully upstairs or whether or not she saw the defendant go fully upstairs, only partially upstairs. Those are minor inconsistencies. That's the exact definition of trial strategy in this case. Just because you don't have to impeach a witness on every available fact, that is not, you can't find ineffective assistance of counsel, as for the prejudice prong, or excuse me, for the deficiency prong of ineffective assistance of counsel. Unless there's any other questions from Your Honors. I have none. Therefore, I respectfully request that the defendant's conviction in this case be affirmed. Thank you. Any questions? Thank you. Mr. Richards, you may proceed. Yes. Just with respect to the prejudice prong. As Your Honor is aware, although the wording in Strickland is probability of a different outcome, Strickland itself says, and many cases have said, that that doesn't mean more likely than not that the outcome would have been different. That's the standard for newly discovered evidence. It's a reasonable probability. It's a reasonable probability sufficient to undermine confidence in the outcome. The defendant didn't testify in this case. Brandia testified, was virtually unimpeached in terms of what she said. Ramoney backed her up, but then the judge didn't believe everything Ramoney said. So the way it was left was there was really no real defense. Brandia, I'm sorry, S.Y. would have provided that defense, and therefore there's a reasonable probability of a different outcome. Your Honor should reverse and remand at least for a new hearing on the motion for new trial. Thank you. Well, didn't Ms. Connelly point out that there was some evidence that would have impeached her credibility to the extent that other witnesses or she made an admission, inconsistent statement, that she was upstairs and not on the stairs? Well, it was at best an oral statement to the DCFS investigators. As was pointed out, it was not a written statement. Not anything she signed, not anything can be used as substantive evidence, and I believe it had to do with all three of the children being upstairs and not witnessing the altercation. Well, that's a response, but it doesn't answer my question, which relates to the fact that there appears to be inconsistent evidence, and also, as pointed out, if you're told that the children were not witnesses because they were upstairs, you're suggesting that ineffectiveness of counsel has occurred, because I think it was Reagan who said that trust but verify, and so if you're going to trust DCFS, you should verify, and if you don't, then you're ineffective? Well, it was more than DCFS. Donnell Downey attempted to testify that he had conveyed to his attorney that this evidence was available and had asked that the children be called, and the attorney had said no. So I think the attorney had evidence from the father that there was potential exculpatory evidence, and therefore that it was ineffective not to pursue that line. During the course of the representation by counsel prior to the trial counsel, did Mr. Downey ever complain that he wanted to call witnesses? To the court, no. No, he didn't raise a claim to the court. He went through with the trial. Did the trial judge question him about his decision not to testify? There was a full waiver of that respect, yes. Any other questions? None, thank you. Thank you. We'll take the case under advisement. There will be a short recess. We have another case on call. All rise.